UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TREVION SHAVER,

    Plaintiff,

v.

SHANE KAPP and JADE SERVIN,

    Defendants.

CAUSE NO. 3:22-CV-539-DRL-MGG

OPINION AND ORDER

Trevion Shaver, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

In his complaint, Mr. Shaver sues Deputy Jade Servin and Deputy Shane Knapp. He alleges that on July 2, 2022, he was housed at the St. Joseph County Jail in G-5, a cell shared with multiple people, until the two deputies singled him out for no reason and placed him in Detox Cell #2. He remained there for ten hours until officers on the next shift moved him. Mr. Shaver claims the detox cell was soiled with mold and urine, and he was forced to eat there with bugs flying around him.

Because Mr. Shaver is a pretrial detainee, his claim must be assessed under the Fourteenth Amendment. *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Mulvania*, 850 F.3d at 856 (quoting *Bell*, 441 U.S. at 538–39). However, "negligent conduct does not offend the Due Process Clause," so a showing of negligence or even gross negligence will not suffice. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

"A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). "[D]ue process requires that he receive advance written notice of the charges, the chance to present testimony and documentary evidence to an impartial decisionmaker, and a written explanation, supported by at least 'some evidence' in the record, for any disciplinary action taken." *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Not every placement of a pretrial detainee in segregation constitutes punishment, and when done for legitimate security reasons such placements do not violate due process. *Zarnes v. Rhodes*, 64 F.3d 285, 291 n.5 (7th Cir. 1995).

Here, Mr. Shaver has plausibly alleged that he was placed in the detox cell as a punishment, and not for a legitimate penological reason. Therefore, he may proceed against Deputy Servin and Deputy Knapp on a claim under the Fourteenth Amendment.

For these reasons, the court:

(1) GRANTS Trevion Shaver leave to proceed against Deputy Jade Servin and Deputy Shane Knapp in their individual capacities for compensatory and punitive damages for placing him in Detox Cell #2 on July 2, 2022, as a punishment without due process in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Deputy Jade Servin and Deputy Shane Knapp at the St. Joseph County Jail, with a copy of this order and the complaint (ECF 1);

(4) ORDERS St. Joseph County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Deputy Jade Servin and Deputy Shane Knapp to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

February 2, 2023                              *s/ Damon R. Leichty*
                                              Judge, United States District Court